UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD THOMPSON,

    Petitioner,

v.

Case No. 18-cv-11790
Hon. Terrence G. Berg

SIXTH JUDICIAL CIRCUIT and
OAKLAND COUNTY FRIEND
OF THE COURT,

    Respondents.
_____/

**OPINION AND ORDER DISMISSING THE HABEAS CORPUS PETITION, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

**I. INTRODUCTION AND BACKGROUND**

Petitioner Edward Thompson of Plano, Texas has filed a *pro se* habeas corpus petition, challenging a state-court default judgment of divorce and child-custody order. Exhibits to the petition indicate that Petitioner filed a complaint for divorce from his wife in 2015. On July 11, 2016, an Oakland County Circuit Court judge held a bench trial on the complaint. Because Petitioner did not appear at the trial, the court entered a default against him and continued the trial without him.

On July 13, 2016, Petitioner moved to enforce his and his wife's alleged settlement agreement and to have the state court adopt the recommendations of the Friend of the Court concerning custody and support. He subsequently re-filed his motion to enforce the parties' settlement. He argued at a hearing on his motions that his attorney had not informed him of the correct trial date. On July 20, 2016, the trial court declined to set aside the default, but granted Petitioner's motion to adopt the recommendation of the Friend of the Court.

Petitioner's wife subsequently asked the trial court to enter a default judgment of divorce. On August 1, 2016, Petitioner moved to set aside the default and to enforce the parties' settlement. On August 10, 2016, the trial judge held a hearing on Petitioner's motion and denied it. The court then entered a final default judgment of divorce and child-support order against Petitioner. *See* Pet., Dkt. 1, Pg. ID 16-26. Petitioner appealed the default judgment of divorce, but on March 21, 2017, the Michigan Court of Appeals affirmed the trial court's decision. *See Thompson v. Thompson*, No. 334568 (Mich. Ct. App. Mar. 21, 2017); Pet., Dkt. 1, Pg. ID 27-33.

On June 5, 2018, Petitioner filed his habeas corpus petition under 28 U.S.C. § 2254. He claims to be suffering from a restraint on his liberty due to the state court's judgment of divorce, which, in his opinion, is void because it is arbitrary and was entered in violation of his right to due process. Petitioner also claims that child-support statutes are bills of attainder, which punish non-custodial parents by depriving them of rights and property without a trial by jury. He seeks to be free from an unlawful financial obligation that may cause him to be arrested for contempt of court due to his inability to pay the financial obligation.

## II. ANALYSIS

The procedural rules governing federal habeas corpus petitions filed by state prisoners require the Court to promptly examine a habeas petition, and if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, the Court must dismiss the petition. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; *Day v. McDonough*, 547 U.S. 198, 207 (2006). A threshold question here is whether Petitioner is "in

custody," because a federal district court may "entertain an application for a writ of habeas corpus *in behalf of a person in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and § 2254(a)(emphasis added); *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that a writ of habeas corpus is the appropriate federal remedy when a state prisoner is challenging the very fact or duration of his physical imprisonment and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment).

Petitioner does not appear to be in custody in a jail or prison.[1] In fact, he urges the Court to recognize his right to challenge non-bodily restraint of liberty. Pet. at 3, Dkt. 1, Pg. ID 3. The Court acknowledges that "the term 'custody' is not limited solely to physical confinement." *Sevier v. Turner*, 742 F.2d 262, 269 (6th Cir. 1984). Nevertheless, a civil judgment requiring a person to pay child support does not constitute

---

[1] His address is 5760 Legacy Dr. B-3, Plano, Texas 75024.

"custody" for purposes of the habeas statutes. *Id*. The Court, therefore, lacks jurisdiction to grant habeas corpus relief. *Id*.

Based on the foregoing, it is **ORDERED** that the petition for writ of habeas corpus (Dkt. 1) is **DENIED**, and this case is summarily **DISMISSED** with prejudice.

It is **FURTHER ORDERED** that a Certificate of Appealability is **DENIED**, and Petitioner is **DENIED** leave to appeal *in forma pauperis*.

**SO ORDERED**.

                                          s/Terrence G. Berg
                                          TERRENCE G. BERG
                                          UNITED STATES DISTRICT JUDGE

Dated: August 27, 2018

## Certificate of Service

I hereby certify that this Order was electronically submitted on August 27, 2018, using the CM/ECF system, which will send notification to each party.

                                          s/A. Chubb
                                          Case Manager